UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WELLS FARGO PRACTICE FINANCE, )
)
       Plaintiff, )
) CIVIL ACTION NO.
VS. )
) 3:11-CV-3316-G
HILLCREST DENTAL ASSOCIATES, )
PLLC, ET AL., )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court are three motions to dismiss for lack of subject matter jurisdiction (docket entries 31-33). For the reasons set forth below, the motions are denied.

### I. BACKGROUND

This case concerns a dispute over a loan and security agreement. Complaint at 2-5. The plaintiff is Wells Fargo Practice Finance ("Wells Fargo"), a national banking association. *Id.* ¶ 1. The defendants are Hillcrest Dental Associates, PLLC ("Hillcrest"), David W. Nunez ("Mr. Nunez") and Leah B. Nunez ("Ms. Nunez") (collectively, "the defendants"). *Id.* ¶ 2-4.

The defendants have filed three identical motions to dismiss for lack of subject matter jurisdiction.* David W. Nunez's Rule 12(b)(2) Motion to Dismiss for Lack of Diversity Jurisdiction (docket entry 31), Leah B. Nunez's Rule 12(b)(2) Motion to Dismiss for Lack of Diversity Jurisdiction (docket entry 32), Hillcrest Dental Associates, P.L.L.C.'s Rule 12(b)(2) Motion to Dismiss for Lack of Diversity Jurisdiction (docket entry 33) -- (collectively, "Motions").

## II.  ANALYSIS

Under 28 U.S.C. § 1332(a)(1), United States district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Moreover, under 28 U.S.C. § 1332(c)(1), a business organized as a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated," as well as "of the State . . . where it has its principal place of business."

However, federally chartered national banks are not incorporated in "any State." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).  Instead, 28 U.S.C. § 1348 states that "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located."  The Supreme Court has interpreted Section 1348 to mean that a national bank is a citizen of the state in

---

\* The defendants state that their motion is under Federal Rule of Civil Procedure 12(b)(2).  However, a motion to dismiss for lack of subject matter jurisdiction is properly brought under Rule 12(b)(1).

which its main office, as set forth in its articles of association, is located. *Wachovia*, 546 U.S. at 307.

In this case, the complaint states that Wells Fargo "is a national banking association which has its principal place of business in South Dakota and is organized under the laws of South Dakota." Complaint ¶ 1. Under *Wachovia*, Wells Fargo is a citizen of South Dakota. 546 U.S. at 306. Because the defendants are citizens of Texas, there is complete diversity of citizenship among the parties. Therefore, this court has subject matter jurisdiction under Section 1332.

The defendants maintain that there is no diversity of citizenship among the parties and that as a result, this court lacks subject matter jurisdiction. However, the defendants' motions do not explain why Wells Fargo should be deemed a citizen of Texas. Given that the plaintiff has pled in its complaint facts that demonstrate that it is a citizen of South Dakota, and not Texas, the defendants' motions to dismiss fail.

### III.  CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are **DENIED**.

**SO ORDERED**.

March 20, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**